UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19CR00213 AGF (SPM) |
| ) | |
| ROLAND HILL, ) | |
| ) | |
| Defendant. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Defendant's pretrial motion. All pretrial motions were referred to United States Magistrate Shirley Padmore Mensah under 28 U.S.C. § 636(b). Defendant Roland Hill filed a Motion to Suppress Physical Evidence. (ECF No. 29).

Defendant is charged by indictment with possession with intent to distribute heroin and fentanyl (Count I) and possession of a firearm in furtherance of a drug trafficking crime (Count II). In his motion to suppress physical evidence, Defendant contends that the officers unlawfully conducted a warrantless search of Defendant's car incident to his arrest, and seeks to suppress the drugs seized from the car. The case is set for trial on June 1, 2020.

Judge Mensah held an evidentiary hearing on November 18, 2019, at which Officer Darren Shaw and Corporal Phillip Edmond, both with the Berkeley Police Department testified. Defendant cross-examined the witnesses. Defendant was permitted to submit further briefing after obtaining a transcript of the hearing. In his

Post-Hearing Brief in support of his motion to dismiss, Defendant offered a Missouri Department of Revenue Form 4569, titled "Crime Inquiry and Inspection Report/Authorization to Tow."  Defendant presented the form without foundation or authentication in support of his motion to suppress, and did not request that the Magistrate Judge reopen the hearing.

On February 13, 2020, Judge Mensah issued a Report and Recommendation ("R&R"), recommending that Defendant's motion be denied.  (ECF No. 57.)  In the R&R, the Magistrate Judge found the testimony of the two government witnesses to be credible.  Based on that testimony and the exhibits presented, she denied the motion to suppress, finding the drugs were lawfully seized pursuant to a proper inventory search and also under the "automobile exception" to the warrant requirement.  Defendant filed objections to the R&R, challenging the factual and legal basis for the determination that the officers had conducted a permissible inventory search, and further asserting that there was no probable cause to search the car.  With regard to the inventory search, Defendant requests that this Court consider the finding with respect to the relevance of Form 4569, and further requests that the Court "set a hearing to examine Corporal Edmond and Officer Shaw as to Berkeley's towing practices and procedures and whether they were followed in this case."  (ECF No. 61.)

When a party objects to a Report and Recommendation concerning a motion to suppress in a criminal case, the court is required to '"make a de novo determination of those portions of the record or specified proposed findings or recommendations to which

2

objection is made.'"  *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)).

The Court reviewed the record, the transcript of the hearing, and the exhibits. Based on that review, the undersigned concludes that the Magistrate Judge made proper factual findings and correctly analyzed the issues. On *de novo* review, the Court finds the testimony of the two officers to be credible, and adopts the findings of fact set forth in the R&R. The facts are set forth more fully in the R&R and will not be detailed here. In summary, at approximately 2:00 a.m. on February 4, 2019, Officer Shaw was responding to a trespass call at a Mobile station. As he was arriving, however, he heard a gunshot, followed by a radio call for "rush traffic" – a directive to stay off the radio until officers can discern what is going on – issued by a secondary officer stationed across the street. As he approached, he saw a vehicle with the passenger door open, creeping toward him from the place where he believed the shot had been fired. The car was being driven by Defendant. Officer Shaw activated his lights and siren to investigate, but the car sped off at a high rate of speed, leading Officer Shaw on a six mile chase on highways 170 and 270. At one point during the chase, he observed Defendant toss something from the car that generated sparks, and that he believed was a gun. Shortly thereafter Defendant curbed his vehicle, and Officer Shaw ordered him out of the car at gun point and placed him under arrest.

Officer Shaw broadcast the events on his radio as they unfolded, radioing that he heard shots fired, observed a vehicle take off, and that he was in pursuit. He further broadcast that somewhere on 270 an object was thrown out of the window; that the car

3

was back on 170 from 270, and that he had curbed the vehicle. Officer Reichert and Corporal Phillip Edmund arrived at the scene soon after Defendant was placed under arrest. Corporal Edmund heard the radio broadcasts before arriving at the scene. A tow truck was called, because the car was going to be towed from the side of the highway. The Court finds this was done for a proper caretaking purpose. Knowing the car was to be towed, Corporal Edmund conducted an inventory search of the car looking for damage, anything out of the ordinary, or anything of a criminal nature or that could harm the tow driver. He testified it was his department's policy to do so prior to turning a car over to a civilian tow company. During the search, suspected narcotics were located. Corporal Edmund advised Officer Shaw of the narcotics, which he seized and noted on an evidence form. No inventory form was completed by Corporal Edmund, who testified that in his ten years with the department he had not seen or used such a form. Rather, any evidence seized would be noted on an evidence form, and any damage to the vehicle would be noted at the bottom of the tow form. The vehicle was thereafter towed to the station, awaiting further contact with the vehicle's owner, as Defendant did not own the vehicle.

At the station, Defendant stated that he wanted to speak with Officer Shaw. He was advised of his *Miranda* rights, which he waived in writing. Defendant thereafter made a statement, engaged in other investigatory activities, and signed a consent to search the vehicle. Pursuant to that consent search a scale was also located in the vehicle and seized. Defendant does not challenge any of the statements made by him, either

4

before or after he was advised of his rights, and does not challenge the later consent search of the vehicle.

Based on the facts set forth in the R&R, the Court agrees with the Magistrate Judge's conclusion that the drugs were seized pursuant to a proper inventory search by Corporal Edmund.   There is no suggestion here that the car was towed for pretexual purposes or that Corporal Edmund was proceeding in bad faith or for the sole purpose of investigation.   *United States v. Williams*, 773 F.3d 1013, 1016 (8th Cir. 2015). Following Defendant's arrest, the car was abandoned, with no driver, at approximately 2:00 in the morning on the side of a busy highway.   Thus, arrangements were made to tow the vehicle pursuant to standard Berkeley police procedures.

Prior to the car being towed, Corporal Edmund conducted a proper inventory search pursuant to the department's caretaking functions, following the procedures he had followed during his ten years in the department, to assure the car did not have evidence of a crime or anything of danger before turning it over to the tow truck driver.   If there was an inventory form, or a requirement to complete an inventory form, he was unaware of it.

That Corporal Edmund may also have wanted to safeguard any evidence of a crime does not make the search improper.   Where, as here, "there is a valid reason to impound a vehicle, the presence of an investigative motive does not invalidate an otherwise valid inventory search." *United States v. Arrocha*, 713 1159, 1163-64 (8th Cir. 2013) (quotation omitted); *see also*, *United States v. Harris*, 795 F.3d 820, 822 (8th Cir. 2015).   That the scale was not located or seized at that time does not, as Defendant suggests, undercut the officer's credibility; the scope of the search conducted on the side

5

of the highway, prior to the tow, is consistent with the purpose as described by the officer. And it was wholly proper for the officers to conduct a more thorough search of the vehicle for evidence, including shell casings, pursuant to the consent to search later provided by Defendant.

The Court also agrees with the Magistrate Judge's conclusion that the search was permissible as well under the automobile exception. "Under the automobile exception to the warrant requirement, law enforcement may search a vehicle without a warrant if they have probable cause to believe the vehicle contains evidence of criminal activity." *United States v. Aguilera*, 625 F.3d 482, 486 (8th Cir. 2010) (quotation omitted). *Arizona v. Gant*, 556 U.S. 332 (2009), cited by Defendant, did not address or undermine this exception. *See Gant*, 556 U.S. at 347; *United States v. Shackleford*, 830 F.3d 751, 753 (8th Cir. 2016). The existence of probable cause is based on an objective standard—regardless of the individual officer's state of mind—and may be based on "the collective knowledge of all law enforcement officers involved in an investigation" if there is some degree of communication. *Shackleford*, 830 F.3d at 753; *Aguilera*, 625 F.3d at 486.

Here the officers, collectively, had probable cause to search the vehicle. Officer Shaw had reasonable ground to believe that it had been involved in a shots fired incident. When he tried to investigate, Defendant sped off, led him on a high speed chase, and only pulled over after he had discarded something from his window, that Officer Shaw believed to be a gun. The basic facts were broadcast over the police radio as Officer Shaw pursued Defendant, and were heard by Corporal Edmund before he arrived at the

6

scene.   Based on all of the facts, the Court agrees with the Magistrate Judge's conclusion that the officers, collectively, had probable cause to believe that evidence of a crime might be located in the car, such as firearms, or shell casings.

Defendant's request for a further hearing is denied.   Defendant provided no information with respect to the form attached to his post-hearing brief, and did not request that the Magistrate Judge reopen the hearing at that time.   Nor did Defendant present any further information about the form, or suggest it was used or was required to be used by this department, in his objections to the R&R.   Defendant asserts he wants a further hearing to examine these two witnesses regarding the Berkeley police department's policies and procedures regarding inventory searches.   However, he had ample opportunity to question these two witnesses regarding such procedures at the evidentiary hearing, and did in fact examine Corporal Edmund regarding the procedures. Moreover, even if there were some infirmity in the inventory search, the evidence was still properly seized pursuant to the automobile exception to the warrant requirement.

Thus, based on a *de novo* review of the record, the Court will overrule Defendant's objection, and will adopt and sustain the thorough reasoning of Magistrate Judge Mensah set forth in support of her recommended ruling.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge [ECF No. 57] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein, and Defendant's Objection to the Report and Recommendation [ECF No. 61] is **Overruled**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Physical Evidence [ECF No. 29] is **DENIED**.

The Court will contact counsel to discuss the trial setting and a final pretrial conference.

                                                              _____
                                                              AUDREY G. FLEISSIG
                                                              UNITED STATES DISTRICT JUDGE

Dated this 15th day of May, 2020.